IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| V.K., : | |
| : | |
| Petitioner, : | |
| : | |
| v. : | Case No. 4:25-cv-262-CDL-AGH |
| : | 28 U.S.C. § 2241 |
| Warden, STEWART DETENTION : | |
| CENTER, *et. al*, : | |
| : | |
| Respondents. : | |

## ORDER AND RECOMMENDATION

Pending before the Court is Respondents' motion to dismiss Petitioner's application for habeas relief under 28 U.S.C. § 2241 (ECF Nos. 22, 1). For the reasons explained below, the Court withdraws its previous recommendation (ECF No. 21) and recommends that the motion to dismiss be granted.

### BACKGROUND

On November 26, 2025, the Court recommended that Petitioner's habeas application be granted pursuant to *Zadvydas v. Davis*, 533 U.S. 678 (2001) because he had shown post-final removal order of detention in excess of almost nine months and because the evidence showed no significant likelihood removal in the reasonably foreseeable future. R. & R. 13-14, 17-18, ECF No. 21. After the Court entered its recommendation, Respondents filed a motion to dismiss, contending that Petitioner's habeas application has been rendered moot by his release under an order of supervision ("OSUP") on November 25, 2025. Resp'ts' Mot. to Dismiss 1, ECF No. 22.

They also request that the Court's recommendation be withdrawn "based upon the changed circumstances." *Id.*

In response, Petitioner argues that the Court should not dismiss the petition but instead leave its previous recommendation in place. Pet'r's Resp. 3, ECF No. 23. Petitioner contends that his release on an OSUP does not moot the petition because Respondents could "redetain Petitioner for no reason" despite their previously futile efforts to remove him. *Id.* at 2-3. Petitioner requests that the Court "leave in place the recommendation for an order enjoining Respondent from re-detaining him before providing him a hearing before an Immigration Judge" and to "enjoin[] Respondents from removing him to any third country without first providing him with constitutionally compliant procedures." *Id.* at 3.

## DISCUSSION

"Article III of the Constitution limits the jurisdiction of federal courts to the consideration of 'Cases' and 'Controversies.'" *Soliman v. United States*, 296 F.3d 1237, 1242 (11th Cir. 2002) (citing U.S. Const. art. III, § 2). "The doctrine of mootness derives directly from the case or controversy limitation because an action that is moot cannot be characterized as an active case or controversy." *Id.* (internal quotation marks omitted). "[P]ut another way, a case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." *Id.* (internal quotation marks omitted). "Therefore, '[i]f events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed.'" *Id.*

2

(quoting *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001)).

Here, Petitioner's release from custody under an OSUP renders his habeas petition moot. He does not challenge the conditions of his supervision, and in fact, his petition specifically requests that he be released "under reasonable conditions of supervision." Pet. 23, ECF No. 1. *See Djadju v. Vega*, 32 F.4th 1102, 1107 (11th Cir. 2022) (noting that the petitioner's prayer for relief was satisfied where he was released from custody under an order of supervision and did not challenge his conditions of release).

Granted, Petitioner also argues in his petition for an order barring his re-detention without Respondents first providing him with a hearing before an immigration judge ("IJ"), and he later filed a motion adding an additional request that Respondents not be allowed to remove him to a third country without first providing adequate due process. Pet. 19-20; Pet'r's Mot. for Prelim. Inj. 2, ECF No. 20. However, contrary to Petitioner's assertion, the Court did not recommend that Respondents be barred from re-detaining him without first providing him a hearing before an IJ. Instead, the Court simply recognized that if the recommendation was adopted and he was released from detention, the Court's order would implicitly bar his re-detention without there being a significant likelihood of removal in the reasonably foreseeable future. R. & R. 18 n. 5. The Court noted that Petitioner's motion was, in effect, a request that Respondents be ordered to follow the law. *Id.* As for Petitioner's request that Respondents be enjoined from removing him to a third country, the Court rejected this request because it was neither a claim asserted in

3

the petition, nor of the same character as those claims raised in the petition. *Id.* (citing *Kaimowitz v. Orlando, Fla.*, 122 F.3d 41, 43 (11th Cir. 1997)).

Petitioner argues that the petition is not moot because Respondents' conduct in re-detaining him without a significant likelihood of removal is "capable of repetition, yet evading review." Pet'r's Resp. 1. However, even if recurrence is likely, a case is still moot if "there would be ample opportunity for review at that time." *Al Najjar*, 273 F.3d at 1336. Were Respondents to re-detain Petitioner without there being any significant likelihood of removal in the reasonably foreseeable future, then there would necessarily be ample time for Petitioner to file another habeas petition and obtain review of his re-detention. *See Pierre-Paul v. Sessions*, 293 F. Supp. 3d 489, 493 (S.D.N.Y. 2018) (noting that even if the petitioner were re-detained, she could again file a habeas petition); *Villa v. Normand*, No. 5:25-cv-89, 2025 WL 3188406, at *2 n.3 (S.D. Ga. Nov. 14, 2025) (rejecting petitioner's request for a declaratory judgment, noting that he could file a habeas petition in the future).

At least implicitly, Petitioner's argument also implicates the "voluntary-cessation" exception to the mootness doctrine. Under this exception, a district court considers "whether: (i) the change in conduct resulted from substantial deliberation or is merely an attempt to manipulate jurisdiction; (ii) the government's decision to terminate the challenged conduct was unambiguous, i.e., permanent and complete; and (iii) the government has consistently maintained its commitment to the new policy or legislative scheme." *Djadju*, 32 F.4th at 1109. The Court is certainly concerned at the circumstances behind Petitioner's re-detention because it

appears that the Government may have violated its own regulations. *See* 8 C.F.R. § 241.13.[1]

Nevertheless, assuming the voluntary-cessation doctrine applies in this context, *see Djadju*, 32 F.4th at 1109, the Court notes that Respondents released Petitioner prior to the Court entering its recommendation that he be granted habeas relief, so it is not clear that their change of in conduct was for purpose of manipulating jurisdiction. Resp'ts' Ex. A, at 1, ECF No. 22-1. Therefore, the Court is not prepared at this time to assume that Respondents will violate the law in the future and recommend prophylactic relief based on that assumption. And again, if Petitioner is re-detained—and he believes there is still no significant likelihood of his removal—he can file a new habeas petition. *Djadju*, 32 F.4th at 1109 (noting the government's concession that if the petitioner was re-detained, he could bring a new habeas action).

## CONCLUSION

For the foregoing reasons, the Court withdraws is previous recommendation (ECF No. 21) and recommends that Respondents' motion to dismiss (ECF No. 22) be **GRANTED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written

---

[1] 8 C.F.R. § 241.13 applies to individuals released on supervision because they were found to lack a significant likelihood of removal. *See generally*, 8 C.F.R. § 241.13; *see also Abuelhawa v. Noem*, No 4:25-cv-04128, 2025 WL 2937692, at *5-6 (S.D. Tex. Oct. 16, 2025) (noting the parties' agreement that petitioner's re-detention after a previous determination that there was no significant likelihood of removal was governed by § 241.13). Section 241.13(i) provides that an individual's supervision may be revoked upon: (1) a finding that he violated any condition of release; or (2) for removal "if, on account of changed circumstances, the Service determines that there is a significant likelihood that the alien may be removed in the reasonably foreseeable future." The regulations also provide a specific process for someone found to lack a likelihood of removal in the reasonably foreseeable future before revocation of supervision. Under § 241.13(i)(3), an individual has the right to: (1) notification of the reason for his revocation, (2) provide evidence that his removal is still not likely to occur in the reasonably foreseeable future, and (3) an evaluation of whether the facts as shown warrant revocation.

objections to this Recommendation, or seek an extension of time to file objections, within fourteen (14) days after being served with a copy hereof. The district judge shall make a *de novo* determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO ORDERED** and **RECOMMENDED**, this 7th day of January, 2026.

                                  s/ *Amelia G. Helmick*
                               UNITED STATES MAGISTRATE JUDGE